UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SHERRY K. MAIN ) | |
| ) | |
| v. ) | NO. 2:05-CV-275 |
| ) | |
| JO ANNE B. BARNHARDT, ) | |
| Commissioner of Social Security ) | |

# **MEMORANDUM OPINION**

The plaintiff Sherry K. Main has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Main was born in 1956 and was 48 years old at the time of her administrative hearing. [Tr. 12, 358]. She completed tenth grade and has relevant past work experience as a deli worker, sewing machine operator, and newspaper delivery person. [Tr. 12, 359]. Ms. Main alleges she is disabled as of May 28, 2003, from diabetes mellitus, sinusitis, numbness in her feet, visual problems, thyroid problems, anxiety, stress, and panic attacks. [Tr. 12, 358]. Based upon a finding that

her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Main was not disabled as defined by the Social Security Act. [Tr. 14].

At Ms. Main's administrative hearing held on March 15, 2005, the testimony of Ms. Main and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 358-77]. Ms. Main testified she has been delivering newspapers for the past five years. [Tr. 360-61]. She indicated she has pain through her neck, shoulders, and hip as well as weak muscles and shortness of breath. [Tr. 362-63, 365]. Ms. Main also has diabetes which causes her weight to fluctuate and makes her dizzy. [Tr. 363]. She has also experienced panic attacks for the past few years. [Tr. 369].

Vocational expert Dr. Norman Hankins testified Ms. Main's past relevant work as a sewing machine operator was light and semi-skilled; her work as a deli worker was light and unskilled; and her newspaper delivery job is medium and unskilled. [Tr. 375]. The ALJ then asked him to assume a woman of Ms. Main's age, education, and work background who was restricted to simple light work activity in an environment that would not expose her to excessive dust, fumes, chemicals, temperature extremes, or regular interaction with the public. [Tr. 375-76]. According to the vocational expert, such a person could work as a kitchen worker, hand packager, off bearer, machine tender, assembler, and sorter. [Tr. 376].

The ALJ ruled that Ms. Main was not disabled because her impairment of non-

insulin dependent diabetes mellitus was not severe enough to warrant a finding of disability. [Tr. 14]. The ALJ then found Ms. Main retained the residual functional capacity [RFC] to perform "physical exertion and nonexertional requirements of work except for medium to heavy exertion, highly skilled jobs, work with the public, and jobs which would expose her to respiratory irritants." [Tr. 15]. With those limitations, Ms. Main could perform work that exists in significant numbers in the national economy. [Tr. 14].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Main requests a judgment on the pleadings and challenges the ALJ's finding that she could perform limited light work. The ALJ did not, however, simply

3

state that Ms. Main could perform limited light work. He found that she could perform light work that was not highly skilled, did not involve working with the public, and did not expose her to respiratory irritants. [Tr. 15]. There is simply no evidence in the record from any medical professional stating that Ms. Main's limitations were greater than those found by the ALJ. The ALJ's limitation of work that was not highly skilled takes into account Ms. Main's limited (10th grade) education. The limitation of work that does not involve the public addresses Ms. Main's anxiety. Finally, the limitation of work that does not expose her to respiratory irritants takes into account her chronic obstructive pulmonary disease [COPD]. Based on the medical evidence, the ALJ's determination that Ms. Main could perform light work with the above-mentioned limitations was made with substantial evidence.

Ms. Main also contends the ALJ erred by failing to consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ did not refer to Ms. Main's impairments (in the plural) in his decision. He did, however, point-by-point address all of her physical and mental complaints. [Tr. 13-14]. The ALJ focused her RFC on her diabetes, COPD, education

4

level, mental diagnoses, and poor social skills. [Tr. 14]. Finally, the hypothetical questions the ALJ asked the vocational expert also focused on Ms. Main's diabetes, COPD, education level, mental diagnoses, and poor social skills. [Tr. 375-76]. Based on the Sixth Circuit framework, the ALJ considered Ms. Main's impairments in combination.

Finally, Ms. Main argues the ALJ improperly evaluated her credibility. According to the ALJ, Ms. Main's "allegations of disabling pain and other symptoms" were "not credible or supported by the documentary evidence." [Tr. 15]. To support that finding, the ALJ noted that Ms. Main's diabetes is treated with only medication, the neuropathy in her feet does not preclude her from performing her newspaper delivery job, she has never seen an orthopedic specialist for her musculoskeletal problems, she is able to perform light and medium exertion on a regular and sustained basis, and she has failed to stop smoking cigarettes. [Tr. 14]. The above evidence constitutes substantial evidence, although this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Ms. Main's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment [Doc. 15] will be granted, and this action will be dismissed.

5

An appropriate order will follow.

ENTER:

                                 s/Thomas Gray Hull
                                 THOMAS GRAY HULL
                                   SENIOR U. S. DISTRICT JUDGE